E. J. STANDIFORD, Respondent, v. T. G. GENTRY, Appellant.

*Contract, to marry.*—In a suit for breach of promise of marriage, it is necessary to prove the mutual promises of both plaintiff and defendant.

*Appeal from Texas Circuit Court.*

*G. T. White*, for appellant.

The court erred in not arresting the judgment. There should have been a separate finding of the jury on both counts, as they were separate and distinct causes of action. (See Mooney v. Kennett, 19 Mo. 551.) The jury must find all the facts put in issue. (Fenwick v. Logan, 1 Mo. 283; Hickman v. Bird, 1 Mo. 350 ; Talbot v. Jones, 5 Mo. 217.)

Upon a consideration of the whole case, the court below should have set aside the verdict of the jury. There was no proof of a mutual agreement to marry, a mutual offer, or preparation of either, neither direct nor circumstantial ; plaintiff in fact seemed to attempt to prove that she was at some time making preparations to marry, but signally failed. (See 2 Stark. on Ev., p. 707, *n*. 1 ; 15 Mass. 1.)

BATES, Judge, delivered the opinion of the court.

The petition contains two counts. The first count charges
31—VOL. XXXII.

a mutual contract to marry between the plaintiff and defendant, and a breach of the contract by the defendant, who married another woman; and prays judgment for two thousand dollars damages. The second count charges that the defendant debauched and carnally knew the plaintiff, whereby she became pregnant with child and was delivered of two children; and prays judgment that defendant pay one hundred dollars per year for seven years for the maintenance of the children.

The defendant answered and put in issue the material allegations of both counts of the petition. The case was tried by a jury, and a verdict was given for the plaintiff on the first count, and no verdict given on the second count.

A number of instructions were given to the jury, and in some of them the defendant was said to be liable in a promise to marry the plaintiff without any corresponding promise on the part of the plaintiff to marry the defendant. For this cause the judgment must be reversed, without specifying other errors with which the case is full from the petition to the final judgment.

The judgment of the court below will be reversed and the cause remanded. Judges Bay and Dryden concur.